Ehson Salaami, Esq. (SBN: 265717)
ehson@mincal.com
Amir Vafaei, Esq. (SBN: 259406)
amir@mincal.com
**MinCal Consumer Law Group**
1630 Copa De Oro Drive, Suite A
San Diego, CA 92037
Telephone:   (888) 678-5550
Facsimile:   (888) 678-6885

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Sharon K. Carman | Case No.: '12CV1397 H   NLS |
|---|---|
| Plaintiff, | |
| v. | **Complaint For Damages** |
| GCFS, Inc. dba Greater California Financial Services | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

1.  to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking and credit industry. *Cal. Civ. Code § 1788.1(a)(i)*. The Legislature found: "Unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." *Id*.

3.  Sharon K. Carman, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of GCFS, Inc. dba Greater California Financial Services, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.  For the purpose of this Complaint, unless otherwise indicated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

10. Venue is proper in this Court because a substantial part of the claim arose in California, and Defendant does business within the State of California.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

12. Plaintiff is a natural person who resides in the City of Escondido, County of San Diego, State of California.

13. Plaintiff is a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant is GCFS, Inc. dba Greater California Financial Services (hereinafter "Defendant or GCFS"), a corporation operating from an address of 4301 Secondwind Way, Paso Robles, California, 93446.

16. Defendant is a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6). See, e.g., *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 228 (4th Cir. 2007).

17. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

18. The alleged debt which the Defendant attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

## FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. At all times relevant, Defendant conducted business within the State of California.

21. On or before April 1, 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely, a credit card account debt with Wells Fargo, which was used by Plaintiff for personal, family and household purchases.

22. The purported financial obligations that Defendant attempted to collect from Plaintiff were allegedly incurred for personal, family, or household purposes, and is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Plaintiff allegedly fell behind in the payments on the credit card account and the alleged debt was consigned, placed, or otherwise transferred to Defendant

1  for collection from Plaintiff. Plaintiff currently takes no position as to the validity of this alleged debt.

25. On or about March or April 2011, Plaintiff was diagnosed with Carotid artery disease and required bypass surgery.

26. On or about June 13, 2011, Plaintiff had bypass surgery. On or about June 23, 2011, after her bypass surgery, Plaintiff, elderly and frail at the age of sixty-eight, was discharged from the hospital and allowed to recover at home with the care and attention from her daughter. Plaintiff's doctors advised that Plaintiff needed to avoid any stressful situation during her recovery period because any stress could have a detrimental affect on her health, such as inducing a stroke or heart attack.

27. On or about July 15, 2011, Defendant contacted Plaintiff by telephone in an effort to collect the alleged debt.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

29. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

30. Plaintiff's daughter answered the phone and Defendant requested to speak with Plaintiff about a "very important matter." Plaintiff's daughter advised Defendant that she was taking care of her mother and was in charge of her mother's affairs because her mother could not speak to anyone because she was recovering from surgery. Plaintiff's daughter told Defendant not to contact Plaintiff again until Plaintiff recovered and was able to speak on the phone because the call impaired Plaintiff's health and privacy. Defendant simply stated that Plaintiff needed to call them back "ASAP."

31. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

32. Because this omission violated the language in 15 U.S.C. § 1692g, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

33. On or about July 18, 2011 through July 22, 2011, Defendant called Plaintiff once or twice a day in an effort to collect the alleged debt. Each time Defendant called, Defendant simply stated that it had an "important matter to discuss" with Plaintiff and that Plaintiff needed to call them back "ASAP."

34. During each call that Plaintiff's daughter answered, she informed Defendant about her mother's condition and that Plaintiff could not talk with them on the phone because of her surgery and recovery. Plaintiff's daughter further requested Defendant not to call Plaintiff again until Plaintiff recovered and was able to speak on the phone because the calls impaired Plaintiff's health and privacy.

35. On or about July 25, 2011, Defendant once again called Plaintiff. Plaintiff's daughter answered and Defendant stated had an "important matter" to discuss with Plaintiff. This time Plaintiff's daughter asked what this "important matter" was. Defendant stated that it was "about a debt Plaintiff owe[d]."

      Plaintiff's daughter told Defendant not to call again about this matter and that Defendant's phone calls were harassing because Plaintiff's daughter had already informed Defendant that Plaintiff could not speak and that Plaintiff was recovering from bypass surgery. Plaintiff's daughter told Defendant that its actions could cause Plaintiff a stroke or heart attack and that if Defendant had anything important to say, it should be in writing.

36. On or about December 23, 2011, at approximately 7:30 A.M., Defendant called Plaintiff. Defendant demanded payment from Plaintiff for a debt "she owed." Plaintiff told Defendant that their phone call had deeply disturbed her because she thought someone had an emergency to be calling her that early in the morning. Plaintiff informed Defendant she disputed the alleged debt, requested validation of the alleged debt. Plaintiff further requested Defendant not to call her that early in the morning because she was an elderly citizen and in poor health.

37. Defendant communicated with Plaintiff in connection with the collection of an alleged debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

38. Because this conduct violated 15 U.S.C. § 1692c(a)(1), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. §1692c(a)(1).

39. On or about February 6, 2012, Defendant mailed Plaintiff a letter. This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

40. In this letter, Defendant wrote "RE: Your delinquent obligation due GCFS' assignor, Wells Fargo Bank National Assn. 4465[xxxxxxxxxxxx] Current Balance $12,592.97, GCFS Account No. 81031117."

41. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt because in a subsequent

1 letter, GCFS informed Plaintiff that the assignor for this alleged debt was not
2 Wells Fargo, but Absolute Resolutions Corp. As such, this action by
3 Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this
4 action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also
5 violated Cal. Civ. Code § 1788.17.

42. Further, Defendant's statement was a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

43. Because this conduct violated U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 1692e(2)(A).

44. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

45. Because this conduct violated U.S.C. § 1692f, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692f.

46. Also through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

47. Because this conduct violated U.S.C. § 1692f(1), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692f(1).

48. In response to this letter, Plaintiff wrote Defendant a certified letter dated February 10, 2012, requesting validation of the alleged debt.

49. On May 4, 2012, Plaintiff received a telephone call from Defendant's representative, Mr. Gregory Cross.

50. During this conversation Plaintiff asked Mr. Gregory Cross why Plaintiff was not sent the documentation she had requested regarding the alleged debt.

Defendant's representative, Mr. Gregory Cross, stated that "[GCFS] had subpoenaed Wells Fargo for the documents and when we get them we will send them [to Plaintiff]."

51. Defendant's statement was a false, deceptive, or misleading representation or means in connection with the collection of a debt because Defendant did not subpoena any records, nor had Plaintiff had not received a copy of any subpoena.  Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

52. Through this statement, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f, and because this conduct violated U.S.C. § 1692f, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692f.

53. Also during this conversation Plaintiff reiterated that she needed validation of the "$12,592.72" alleged debt to assess Defendant's claims.  Defendant's representative, Mr. Gregory Cross, replied: "Are you kidding me?  It's more like $15,000+ now."

54. By making this statement, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

55. Because this conduct violated U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 1692e(2)(A).

56. Defendant's representative, Mr. Gregory Cross, explained the current alleged balance was the result of "interest, attorneys' fees, $40 per page fee for documents, etc."

57. Defendant again made a false, deceptive, or misleading representation or means in connection with the collection of a debt.  As such, this action by

Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

58. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f, and because this action violated 15 U.S.C. § 1692f, it also violated Cal. Civ. Code § 1788.17.

59. Also through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1). Because Defendant violated 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code § 1788.17.

60. In the same telephone conversation Defendant's representative, Mr. Gregory Cross, stated to Plaintiff that there "seems to be some mix up in your mailing address..." Mr. Gregory Cross asked Plaintiff is she had been served with a Summons yet. Plaintiff asked what he meant and Mr. Gregory Cross stated that a suit had been filed against Plaintiff because this matter has gone "past settlement." He further stated that while "[Defendant] can't garnish [Plaintiff's] social security, [Defendant could] put a lien on [Plaintiff's] property and charge 10% interest." Mr. Gregory Cross stated [Defendant] is "patient and we always get our money... look us up on the Internet, we have a track record of always winning...."

61. Defendant, through these statements, used numerous unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f. Because Defendant violated 15 U.S.C. § 1692f, it also violated Cal. Civ. Code § 1788.17.

62. These statements from Defendant were also false, deceptive, harassing and illegal communications in an attempt to collect this debt all done in violation of numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), and because these statements violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

63. After this conversation, Plaintiff felt physically sick. Plaintiff's left eye started to exhibit blurry vision. Plaintiff felt panicked, anxious, depressed and hopeless after she thought about Defendant's statements and about the thought about a potential default judgment in the alleged lawsuit she was supposed to have been served with.

64. Later that night, still in pain and tormented with these thoughts, Plaintiff could not sleep. Plaintiff did not sleep at all that night and wrote Defendant another certified letter on or about May 5, 2012, and mailed it to Defendant. Plaintiff once again disputing and requesting validation of the alleged debt.

65. On or about May 9, 2012, Defendant mailed Plaintiff a letter responding to her dispute and request for validation.

66. The letter stated that as of May 9, 2012, Plaintiff's account "has accrued $4,793.87 in fees and interest since April 30, 2011 at the interest rate of 23.99%."

67. By making this statement, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

68. Because this conduct violated U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 1692e(2)(A).

69. Defendant made a false, deceptive, or misleading representation or means in connection with the collection of a debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated

the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

70. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f, and because this action violated 15 U.S.C. § 1692f, it also violated Cal. Civ. Code § 1788.17.

71. Also through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).  Because Defendant violated 15 U.S.C. § 1692f(1), it also violated Cal. Civ. Code § 1788.17.

72. The letter further stated that Plaintiff's account balance as of May 9, 2012, was $15,417.73."

73. By making this statement, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

74. Because this conduct violated U.S.C. § 1692e(2)(A), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 1692e(2)(A).

75. Defendant made a false, deceptive, or misleading representation or means in connection with the collection of a debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

76. Plaintiff's left eye condition continued to worsen as a result of the stress Defendant's actions caused Plaintiff and Plaintiff was forced to visit her doctor on May 22, 2012.

77. On or about May 24, 2012, Plaintiff was served with a collection lawsuit that was referenced by Defendant's agent, Mr. Gregory Cross. This lawsuit was filed by Defendant in the Superior Court of California, County of Riverside, on April 26, 2012.

78. Defendant brought a legal action against Plaintiff unrelated to real property in a judicial district or similar legal entity that is outside of where Plaintiff allegedly signed the contract sued upon and is outside the judicial district or similar legal entity where Plaintiff resided at the commencement of the action. This conduct by Defendant violated 15 U.S.C. § 1692i, and because this action violated the language in 15 U.S.C. § 1692i, it also violated Cal. Civ. Code § 1788.17.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

79. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

80. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

81. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

# COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

82. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

83. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

84. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); any actual damages pursuant to Cal. Civ. Code § 1788.30(a); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

# COUNT III

## INVASION OF PRIVACY

### INTRUSION UPON SECLUSION

85. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

86. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion and/or private concerns or affairs.

87. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt from Plaintiff.

88. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and/or private concerns or affairs.

89. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

90. As a result of such invasion of privacy, Plaintiff has suffered actual damages, including emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- Special, general, compensatory and punitive damages;
- Any and all other relief that the Court deems just and proper.

91. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Dated: June 8, 2012        **MinCal Consumer Law Group**

By: **s/Ehson Salaami**
Ehson Salaami
**Attorneys for Plaintiff**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sharon K. Carman

**DEFENDANTS**
GCFS, Inc. dba Greater California Financial Services

(b) County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Luis Obispo
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
MinCal Consumer Law Group (888-678-5550)
1630 Copa De Oro Dr., Ste. A, San Diego, CA 92037

Attorneys *(If Known)*
'12CV1397 H    NLS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 06/08/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Ehson Salaami

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE